[Civ. No. 19547.   Second Dist., Div. Two.   Oct. 26, 1953.]

DORRIS M. MANSHEL, Appellant, v. J. CHARLES
MANSHEL, Respondent.

H. Sidney Laughlin for Appellant.

Ben Gould for Respondent.

McCOMB, J.—Plaintiff appeals from an interlocutory decree of divorce granted her on the ground of extreme cruelty.

She waives all alleged error except the awarding to defendant as his separate property a parcel of 40 acres of land.   The parcel of land in question is located in the Antelope Valley and was acquired during the time the parties were husband and wife.

The sole question necessary for us to determine is: *Was there any substantial evidence to sustain the trial court's finding that the parcel of land in question was a gift to defendant during coverture?*

This question must be answered in the affirmative. Defendant testified that the property in question was given to him by Fred P. Glick; Mr. Glick testified he made a gift of the property to defendant; both testified that no consideration passed from defendant to Mr. Glick for the property; and Mrs. Glick gave testimony to the same effect. There was also evidence that defendant paid a Mr. William E. Irish $750 in settlement of a tax claim against the property which money he had obtained as a loan from his brother-in-law.

Clearly the foregoing evidence showed the only interest plaintiff had in the property in question as community property was one half the amount defendant paid for the release of the tax claim, or $375. Since the court made an order that only one half the community debts be charged against the community property and these totaled $3,450, it is clear the trial court made a proper allowance for plaintiff relative to this sum, and she is not in a position to complain here.

Needless to say, other evidence contrary to that set forth above must be disregarded by this court.

Affirmed.

Moore, P. J., and Fox, J., concurred.